UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DELINDA THIBODEAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-446-WBV-DPC** |
| **PENN NATIONAL GAMING, INC.** | **SECTION: D (2)** |

### ORDER AND REASONS

Before the Court is a Consent Motion to Remand, filed by plaintiff, Delinda Thibodeaux.[1] Any opposition to the Motion was required to be filed by March 23, 2021.[2] As of the date of this Order, the Motion is unopposed. After considering the briefs submitted by the parties and the applicable law, for the reasons expressed below, the Motion to Remand is **GRANTED** and this matter is hereby **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On or about January 29, 2021, Delinda Thibodeaux filed a Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson, Louisiana, against Penn National Gaming, Inc. d/b/a Boomtown Hotel & Casino New Orleans, seeking damages for a slip and fall that occurred on July 29, 2020 at the casino.[3] Plaintiff alleges that she sustained "severe and disabling injuries to her body and mind" as a result of the fall, including, but not limited to, back and neck injuries.[4]

---

[1] R. Doc. 9.
[2] R. Doc. 10.
[3] R. Doc. 1-2.
[4] *Id.* at ¶ 7.

Plaintiff also seeks several items of damages, including past and future pain and suffering, past and future mental anguish, past and future medical expenses, past and future loss of enjoyment of life and past and future lost wages/loss of earning capacity.[5]

On March 3, 2021, Penn National Gaming, Inc. filed a Notice of Removal in this Court, asserting that the Court has subject matter jurisdiction over this case based upon 28 U.S.C. § 1332, diversity jurisdiction.[6] On March 5, 2021, the Court issued an Order, giving Penn National Gaming, Inc. until March 15, 2021 to file a supplemental memorandum regarding the amount in controversy in this case.[7]

On March 17, 2021, and before Penn National Gaming, Inc. filed its supplemental memorandum, Plaintiff filed the instant Consent Motion to Remand.[8] Plaintiff seeks to remand this case to state court based upon her Stipulation, which she attached to her Motion, limiting any damages sought in this case to $50,000.00, exclusive of interest and court costs, "for the express purpose of avoiding Federal diversity jurisdiction and to secure a bench trial in state court pursuant to LSA-CCP Article 1732."[9] The Stipulation also states that at no time during the pendency of this case will Plaintiff seek to recover any amount greater than $50,000.00 in damages, and that if any award made to Plaintiff exceeds that amount, Plaintiff

---

[5] *Id*. at ¶ 8.
[6] R. Doc. 1. In the Notice of Removal, Penn National Gaming, Inc. asserts that it was not served with a copy of the state court Petition until February 23, 2021. *Id*. at ¶ 1.
[7] R. Doc. 5.
[8] R. Doc. 9. The Court notes that Plaintiff attempted to file the Motion to Remand on March 12, 2021, and again on March 16, 2021, but that the Motion was marked as deficient both times. (R. Docs. 6, 8).
[9] R. Doc. 9 at ¶ 1; R. Doc. 9-2.

agrees that the award will be reduced to $50,000.00 pursuant to the Stipulation.[10] Plaintiff also asserts in the Motion to Remand that her counsel has consulted with counsel for Penn National Gaming, Inc., who voiced no opposition to the Motion.[11] As such, Plaintiff asks the Court to remand this matter to the 24th Judicial District Court.

## II. LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[12] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[13] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[14] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[15] The removing party has the burden of proving federal diversity jurisdiction.[16] If a defendant meets that burden, the plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to obtain a

---

[10] R. Doc. 9-2.
[11] *Id.* at ¶ 2.
[12] 28 U.S.C. § 1441(a).
[13] 28 U.S.C. § 1332(a)-(a)(1).
[14] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[15] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[16] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

remand.[17]  Remand is proper if at any time the court lacks subject matter jurisdiction.[18]

Having reviewed the Motion to Remand and the attached Stipulation, the Court finds that the Stipulation establishes with legal certainty that Plaintiff's claims are for less than $75,000.00.  Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, and this matter must be remanded.

## III.   CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Remand[19] is **GRANTED.**  This matter is hereby **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, March 24, 2021.

**WENDY B. VITTER**
**United States District Judge**

---

[17] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[18] *See,* 28 U.S.C. § 1447(c).
[19] R. Doc. 9.